Michael A. WOODS, Petitioner-Appellant,

v.

IOWA DEPARTMENT OF JOB SER-
VICE and City of Des Moines,
Respondent-Appellee.

No. 2–65641.

Court of Appeals of Iowa.

Nov. 24, 1981.

Linda Pettit and Francisco Colon, Jr., Des Moines, for petitioner-appellant.

Joseph L. Bervid, Iowa Dept. of Job Service, Des Moines, for respondent-appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

JOHNSON, Judge.

Petitioner-claimant, Michael Woods, appeals from district court's decision on judicial review, affirming respondent-agency's denial of unemployment benefits. He asserts the record lacks substantial evidence to support a determination that he voluntarily quit without good cause attributable to his employer. We affirm.

Claimant began working for the city of Des Moines on December 4, 1973. He was originally hired as an equipment service man for the evening shift from 3 p. m. to 11 p. m., but eventually started working the day shift when personnel senior to him were promoted out of that job category, thus increasing his seniority. As a result of a civil service examination, he was subsequently promoted to assistant parts handler but, because of his low seniority in that job category, was again required to work the night shift. Thereafter, a new employee was hired into the parts department and was placed on the day shift from 7 a. m. to 3 p. m. Claimant believed that assigning a new employee to the day shift, instead of himself, was a violation of a seniority rule and made a complaint to his supervisor. Several months later, in September, 1978, claimant was assigned to the day shift after another parts man with higher seniority left. However, on May 2, 1979, claimant was notified that, commencing the following week, he would be required to work a new intermediate shift from 1 p. m. to 9 p. m. Claimant considered this another violation of the seniority system and became concerned that he was being singled out for

unfair treatment. Two other incidents had occurred earlier which fostered claimant's belief. The first involved the employer's time clock policy which had been initiated as a pilot program in February, 1979, with the intent of having all garage employees converted to that basis. However, in May, 1979, no other garage employees were required to punch in and out as claimant was required to do. The second incident occurred on May 2, 1979, before claimant was notified of the last change in his shift assignment. Claimant was reprimanded by a supervisor in another department for not wearing a uniform. The uniforms were provided by the employer and claimant was ordered to put the uniform on but chose to ignore that order. Later that day, when plaintiff was told of his new shift assignment, he went to his manager to complain; he stated that there was "no way" he was going to work the 1 p. m. to 9 p. m. shift. His manager replied that "there was only one way" he was not going to work that shift. Claimant thereupon submitted his resignation and used two weeks' vacation as his notice.

Claimant filed his claim for unemployment insurance benefits effective May 20, 1979. The employer protested the claim, alleging that claimant voluntarily left his employment. The claims deputy disqualified claimant, deciding that claimant "left [his] work voluntarily rather than perform the assigned work as instructed." Claimant timely appealed this decision. Following a hearing, the hearing officer rendered his decision affirming the claims deputy's denial of unemployment benefits. Claimant then appealed to the appeal board, which affirmed the hearing officer's decision. His subsequent application for rehearing was denied. Upon claimant's petition for judicial review, the district court affirmed the agency's decision. This appeal followed.

**I. Scope of Review.** Pursuant to section 17A.20, The Code 1981, our review in this case is limited to a determination of whether the district court made errors of law when it exercised its power of review of the agency action under section 17A.19. *Jackson County Public Hospital v. PERB*, 280 N.W.2d 426, 429 (Iowa 1979).

Section 17A.19 of The Code, limits the district court's review to a determination of whether the agency committed any errors of law specified in section 17A.19(8). Thus, to determine whether the district court properly exercised its power of judicial review "this court applies the standards of section 17.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court. If the conclusions are the same, affirmance is in order. If they are not, reversal may be required." *Jackson County*, 280 N.W.2d at 429–30. Section 17A.19(8) provides that the district court shall reverse or modify the agency action if such action is affected by error in the application of law or administrative rule (section 17A.19(8)(a)(b)(c)(e), The Code 1981), or is not supported by substantial evidence in the record made before the agency when the record is viewed as a whole (section 17A.19(8)(f), The Code).

**II. Agency's Decision.** Claimant argues the record lacks substantial evidence to support the agency's conclusion that he voluntarily left his employment without good cause attributable to his employer. He specifically contends: 1) the agency erroneously concluded the "contract of hire" between claimant and his employer was limited to the terms of the collective bargaining agreement between claimant's employer and a union representing the majority of the city employees; 2) the contract of hire in this case is properly interpreted to include the policy of assigning shifts according to seniority; 3) the agency findings that a) the change in claimant's working hours was a substantial change in working conditions, and b) the change was not a substantial change in the contract of hire, are inconsistent; 4) the change in claimant's hours is a substantial change in the contract of hire and thus constitutes good cause for leaving his employment; 5) the agency erred in determining an emergency exception to the seniority system existed in the collective bargaining agreement because the agreement was not introduced into evidence to prove such an exception; 6) there was no substantial evidence in the record to support a finding that there was a policy

exception to the seniority rule in an emergency situation; and 7) the agency erred in implying claimant was required to exhaust union appeal procedures. We are not persuaded by claimant's analysis.

**A. Contract of Hire.** We agree with claimant's assertion that the "contract of hire" is not limited to the collective bargaining agreement but also encompasses implied terms as well. *See* § 96.19(6), The Code. However, we reject his argument that the agency did not find the seniority system was part of that contract of hire. On the contrary, our review of the agency's findings reveals that the agency expressly found the seniority system was part of the contract of hire when the hearing officer stated, in those findings, that "[t]he shift assignment was usually handled according to seniority and the claimant was the second senior person in his department, next to the supervisor."

**B. Substantial Change in Contract of Hire.** We are not persuaded by claimant's argument that the agency's findings that the change in claimant's working hours was a substantial change in working conditions, but not a substantial change in the contract of hire, are inconsistent, *per se.* Although a change in working hours may be a substantial change in working conditions, if, as the employer argues, there existed an emergency exception in the contract of hire, such a change would not be a substantial change in that contract of hire. We thus turn to our analysis of this issue.

We find no merit in claimant's argument that the record lacks substantial evidence to support the agency finding of an emergency exception to the seniority system. We initially note that claimant's argument, which focuses on an alleged agency error in determining that an exception to the seniority system was provided for in the *collective bargaining agreement,* misconstrues the agency's findings. (emphasis added). We conclude the agency's finding, that "the contract did allow the employer to assign [an] employee to a shift in emergency situations ... regardless of seniority," refers to the contract of hire generally and not to the collective bargaining agreement

specifically. Thus, failure of the parties to introduce the collective bargaining agreement into evidence does not leave the agency's finding without support.

Further, we note parenthetically, that the issue of which party has the burden of establishing the provisions of the collective bargaining agreement is an interesting one, but one we need not consider here. Since we believe there is substantial evidence to support the agency finding that an emergency exception to the seniority system existed *de facto,* a determination of whether it was specifically provided for in the collective bargaining agreement is unnecessary.

We next address the principles governing questions of substantial evidence. Evidence is substantial if a reasonable person would find it adequate for reaching a decision. *City of Davenport v. PERB,* 264 N.W.2d 307, 311 (Iowa 1978). In making this determination, we are limited to the record made before the hearing officer. § 17A.19(7). The mere possibility that the record would support another conclusion does not permit the district court or this court to make a finding inconsistent with the agency findings so long as there is substantial evidence to support it. *See, City of Davenport,* 264 N.W.2d at 312; *see also Carstensen v. Board of Trustees of the Police Retirement System,* 253 N.W.2d 560, 562 (Iowa 1977). Nor does the possibility of drawing two inconsistent conclusions from the evidence prevent an administrative agency's finding from being supported by substantial evidence. *Cook v. Iowa Department of Job Service,* 299 N.W.2d 698, 701 (Iowa 1980); *City of Davenport,* 264 N.W.2d at 311. The question is not whether there is sufficient evidence to warrant a decision the agency did not make, but rather whether there is substantial evidence to warrant the decision it did make. *See Deaver v. Armstrong Rubber Co.,* 170 N.W.2d 455, 464 (Iowa 1969).

Applying these principles, we are convinced that the record on the whole substantiates the agency finding that there was an emergency exception to the seniority rule. The employer testified that during

snow removal, flood control, and other emergency situations, shifts were assigned regardless of seniority. Claimant corroborated this contention when he testified that he was aware of the emergency exception with regard to snow removal, but was not told that an emergency situation existed or that the shift change was necessitated by such circumstances when he was informed of the shift change on May 2, 1979.

We believe, however, that claimant's assertion that he was not told an emergency situation existed deserves further consideration. The agency determined that he was not so informed in its findings, and we believe this determination is certainly supported by substantial evidence. However, on the facts of this case, we conclude that this does not render his resignation one for good cause attributable to his employer. We believe that claimant knew that such a shift was unusual and conclude that he was under an affirmative obligation to inquire as to why he was being assigned to this shift if he did not agree with it. Claimant chose not to make such an inquiry, but rather to tender his resignation. The consequences of this act rest upon claimant, not his employer.

**C. Exhaustion of Appeal Procedures.** Since the collective bargaining agreement was not introduced into the record, there is no basis for the agency's implication that claimant was required to exhaust union appeal procedures before submitting his resignation. However, in light of the fact we have determined that, notwithstanding any union grievance procedure, claimant's resignation was not for good cause attributable to his employer, resolution of this issue is not determinative and remand is unnecessary. We thus affirm judgment of the district court.

AFFIRMED.