**CITY OF DENISON,**
**Petitioner–Appellee,**

v.

**EMPLOYMENT APPEAL BOARD and**
**Margaret R. Irvine,**
**Respondents–Appellants.**

**No. 87–1149.**

Court of Appeals of Iowa.

March 23, 1988.

William C. Whitten and Blair H. Dewey, Des Moines, for respondent-appellant Employee Appeal Bd.

D.R. Franck of Mundt, Nepper & Franck, Dunlap, for petitioner-appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

Respondents, Margaret Irvine (claimant) and the Employment Appeal Board (Board) appeal the district court's ruling which found the Board erred in determining claimant's benefit year and, therefore, also erred in granting claimant an additional six months of benefits. Respondents assert the Board's determination was supported by substantial evidence and, in any event, was not challenged at the applicable time by petitioner, city of Denison (city). We affirm the district court.

## I.

In December 1984, claimant, then an employee of the Denison municipal library, was injured and placed on sick leave. In January 1985 she was notified she would not be rehired for the 1985–86 fiscal year, which commenced in July. Apparently under the misapprehension she was no longer employed, claimant filed for unemployment benefits on February 3, 1985. On May 17th a hearing officer held claimant was not disqualified from receiving benefits (reversing the claims deputy's decision), but was not yet entitled to receive benefits, because she was not unemployed. This ruling was not appealed.

On July 23, 1985, claimant reopened her claim for benefits following the end of her employment at the library. She was awarded six months of benefits and this award was not contested by the city. On February 3, 1986, after those benefits were exhausted, claimant applied for an additional six months of benefits based upon the beginning of an allegedly new benefit year. The claims deputy denied her application, finding the claim filed February 3, 1985, should be cancelled because claimant was not then unemployed. The deputy determined the claim filed July 23, 1985, but effective July 21st, should be established as claimant's initial claim. On appeal, the hearing officer affirmed this determination. The Board, however, remanded for the hearing officer to determine whether the

city had timely protested the fixing of February 3, 1985, as the date of the initial claim, thereby allowing that claim to be cancelled in this later proceeding.

The hearing officer found the city had protested the February 3, 1985, claim and did not need to protest the July 21, 1985, claim since it conceded claimant was entitled to benefits at that time. The hearing officer concluded, therefore, the city's challenge in this proceeding to February 3, 1985, as the commencement date of claimant's benefit year was timely and meritorious. Accordingly, he again affirmed the deputy's decision establishing July 21, 1985, as the commencement date of claimant's benefit year and denying additional benefits. Claimant again appealed.

The Board thereupon reversed the hearing officer. The Board found neither the city nor the agency protested the fixing of, or thereafter sought to cancel, February 3, 1985, as the commencement date until claimant sought, via this proceeding, to open a second claim year. The Board concluded, therefore, the city's challenge to that date was not timely.

The city petitioned for judicial review in district court. The court determined February 3, 1985, could not be validated as the commencement date merely because the city failed to register a protest. The court then concluded as a matter of law claimant's benefit year commenced on July 21, 1985, the date her first valid claim was filed. This appeal followed.

## II.

■ Our review is limited to a determination of whether the district court made errors of law when it exercised its power of review of agency action under Iowa Code section 17A.19. *Jackson County Pub. Hospital v. PERB*, 280 N.W.2d 426, 429 (Iowa 1979). Thus, we apply the standards of Iowa Code section 17A.19(8) to the agency action to determine whether our conclusions are the same as those of the district court. *Woods v. Iowa Dept. of Job Service*, 315 N.W.2d 838, 840 (Iowa App.1981). Section 17A.19(8) provides the district court shall reverse or modify the agency action if

such action is affected by error in the application of law or administrative rule, or is not supported by substantial evidence in the record made before the agency when the record is viewed as a whole. *Id.*

## III.

■ The crux of the Board's decision is the city should have challenged February 3, 1985, as the commencement date when claimant reopened her claim July 21, 1985. Clearly the city had no reason to raise the issue in the proceeding pursuant to the February 3, 1985, claim, as claimant was found not entitled to benefits. The city could not have expected the agency would retain February 3, 1985, as the initial claim date, when it had been adjudged an invalid claim due to claimant's continuing employment. Consequently, the only other opportunity the city had to raise the issue prior to this proceeding was in the proceeding pursuant to the July 21, 1985, claim.

In that proceeding, the city received a claim document which contained the date "2–3–85" in faint script. The document did not contain any language explaining the significance of this date. The document did, however, state that the "effective date of this claim" was July 21, 1985. This document was the only one the city received which referred to February 3, 1985. The city contends this document did not provide it notice February 3, 1985, had been retained by the agency as the commencement date of claimant's claim.

■ Parties to an administrative hearing are entitled to at least the fundamental elements of due process of law. *Carr v. Iowa Employ. Sec. Com'n.*, 256 N.W.2d 211, 214 (Iowa 1977). These elements are notice and opportunity to defend. *Id.* The issue of whether the dictates of procedural due process have been satisfied is one of law, determinable by the judiciary alone.

*Cf. Eves v. Iowa Employ. Sec. Com'n.*, 211 N.W.2d 324, 325 (Iowa 1973) (interpreting statutory requirement of notice).

We conclude the vague reference on the July 21, 1985, claim document to "2–3–85" did not provide the city notice that date had been retained as the commencement date. The document did not explain the significance of the reference, and the claim was not otherwise controversial; the city freely acknowledged the legitimacy of claimant's claim. Thus, to preclude the city from now challenging February 3, 1985, as the commencement date due to the failure of the city to protest that date in the proceeding pursuant to the July 21, 1985, claim would violate the notice requirement of due process. We conclude the district court was correct in determining the city's challenge was not so precluded.

## IV.

■ We also conclude the district court was correct in determining the Board erred in upholding February 3, 1985, as the commencement date of claimant's benefit year. The enabling statute and the agency's own rule require a claimant to be unemployed before a benefit year can be established. Iowa Code § 96.19(15); Iowa Admin.Code § 345–4.2(1)(a). It is not disputed claimant was still employed February 3, 1985. The district court's determination claimant's benefit year commenced July 21, 1985, is correct. We remand for proceedings consistent with this opinion.

AFFIRMED AND REMANDED.