**FDL FOODS, INC., Appellant,**

v.

**EMPLOYMENT APPEAL BOARD, DE-PARTMENT OF INSPECTIONS AND APPEALS, and James J. Lambert, Appellees.**

No. 89–1170.

Court of Appeals of Iowa.

June 26, 1990.

James M. Heckmann and Neil J. Fruit II of Bauer & Heckmann, P.C., Dubuque, for appellant.

William C. Whitten and Joe E. Smith, Des Moines, for appellee Employment Appeal Bd.

Stephen J. Juergens of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellee James J. Lambert.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

HAYDEN, Judge.

In May 1983, James L. Lambert began work as a laborer for FDL, a meat packer. He previously worked for many years for

Dubuque Packing Company, FDL's predecessor. Lambert is a member of the United Food and Commercial Workers' Union. The union and FDL are parties to a collective bargaining agreement. In 1984, Lambert began experiencing breathing problems, which have been diagnosed as severe obstructive airway disease, asthmatic bronchitis, chronic obstructive lung disease, and emphysema. Although Lambert's condition was not caused by his job, certain conditions or irritants, some of which are present in his work environment, exacerbate his breathing problems.

In March 1985, Lambert's physician imposed environmental restrictions on him. At that time, he was working in the by-products department handling beef hides. He was released until a job complying with his medical restriction became available. Since that time FDL has discontinued the beef kill operation and, therefore, Lambert's job.

At FDL's direction, Lambert has reported to work each morning since September 1985. If work is available within his medical restrictions, he is assigned to the job. If such work is not available, he is sent home. FDL has been unable to place Lambert in a permanent full-time position. The method for permanently filling a vacant job is by a bidding process specified in the collective bargaining agreement. Pursuant to the agreement, open jobs are posted on a bulletin board. Employees wanting the job sign the posted list and the job is awarded to the employee with the greatest seniority. In a calendar year, an employee may bid on two plant-wide job postings and two departmental postings. Lambert bid on several vacant permanent positions, but his doctor determined the conditions would be detrimental to Lambert's health and would not allow him to work in those positions.

In April 1988, Lambert filed a claim for benefits for partial unemployment. Benefits were awarded and the Employment Appeal Board affirmed. The district court affirmed the board's decision. FDL appeals.

FDL asserts there is a lack of substantial evidence to support the agency's decision.

First, FDL contends Lambert is not entitled to benefits because he is not available to work and is not earnestly and actively seeking work. FDL alleges Lambert has failed to bid for six posted positions that fall within his medical restrictions. Lastly, FDL argues Lambert should not receive benefits because his unemployment is not due to good cause attributable to FDL, but rather is attributable to his nonwork-related illness.

We affirm the decision of the district court.

 Our review is limited to a determination of whether the district court made errors of law when it exercised its power of review of agency action under Iowa Code section 17A.19. *Jackson County Pub. Hospital v. PERB*, 280 N.W.2d 426, 429 (Iowa 1979). Thus, we apply the standards of Iowa Code section 17A.19(8) to the agency action to determine whether our conclusions are the same as those of the district court. *City of Denison v. Employment Appeal Bd.*, 423 N.W.2d 30, 31 (Iowa App. 1988), citing to *Woods v. Iowa Dept. of Job Service*, 315 N.W.2d 838, 840 (Iowa App. 1981). Section 17A.19(8) provides the district court shall reverse or modify the agency action if such action is affected by error in the application of law or administrative rule, or is not supported by substantial evidence in the record made before the agency when the record is viewed as a whole. *Id.* The decisions of the agency are final if supported by substantial evidence and correct conclusions of law. *Davenport Water Co. v. Iowa State Commerce Commission*, 190 N.W.2d 583 (Iowa 1971). Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion. *City of Davenport v. PERB*, 264 N.W.2d 307 (Iowa 1978).

Iowa Code § 96.4(3) provides an individual shall be eligible to receive unemployment benefits with respect to any week only if the division of job service finds that:

3. The individual is able to work, is available for work, and is earnestly and actively seeking work.

FDL asserts Lambert is not available for work as required by the above code section. FDL attempts to persuade this court Lambert is not *really* a full-time employee and thus, not entitled to the benefits he has been awarded. "Lambert, although considered to be a full-time employee, does not have an assigned full-time permanent position.... In essence, Lambert is an on-call worker since his medical restrictions will not permit him to do the only permanent full-time job to which he is automatically entitled under the collective bargaining agreement."

This argument is without merit. FDL admits in the brief that Lambert is considered to be a full-time employee. Further, the Iowa Administrative Code § 345–4.22(2)(i) defines on-call workers as:

(1) Substitute workers (i.e. post office clerks, railroad extra board workers), who hold themselves available for one employer and who do not accept other work, are not available for work within the meaning of the law and are not eligible for benefits.

Lambert is clearly not an on-call or substitute worker.

FDL's argument Lambert is unavailable for work and not earnestly and actively seeking work is not supported by the record. Claimant's work record shows he has faithfully reported for work daily at the appropriate time. Usually, work was not available for Lambert as a chain pump operator because other employees more senior bid for this position. The only job in the by-products department he can perform, given his medical restrictions, is a chain pump operator. There is substantial evidence in the record to support the finding Lambert has utilized the bidding procedures of the collective bargaining agreement but was unable to perform the job duties to the satisfaction of his supervisor because of the respiratory difficulties resulting from work in the cooler.

We do not agree with FDL Lambert should not receive any benefits because he voluntarily quit. Unless a collective bargaining agreement provides differently, quitting requires an intention to terminate employment accompanied by an overt act carrying out the intent. *Local Lodge No. 1426 v. Wilson Trailer Co. of Sioux City*, 289 N.W.2d 608, 612 (Iowa 1980). There is no evidence in the record the employee intended to quit. There is ample evidence he intended to continue working and to seek a job he was physically capable of performing.

AFFIRMED.