Benjamin SILVA, Appellant,

v.

EMPLOYMENT APPEAL BOARD and Iowa Beef Processors, Appellees.

No. 95–0642.

Court of Appeals of Iowa.

Feb. 28, 1996.

David R. Odekirk, Waterloo, until withdrawal, and Van T. Tran, Legal Services Corporation, Waterloo, for appellant.

William C. Whitten, Employment Appeal Board, Des Moines, for appellees.

Heard by SACKETT, P.J., HUITINK, J., and PERKINS, Senior Judge,* but decided by HAYDEN, P.J., and SACKETT, HABHAB, CADY, and HUITINK, JJ.

HUITINK, Judge.

Silva appeals the district court's decision on judicial review affirming the Employment Appeal Board's denial of his claim for unemployment benefits. We vacate and remand.

Benjamin Silva worked at Iowa Beef Processors (IBP) from September 1992 through December 27, 1993. Silva filed a claim for unemployment benefits on December 27, 1993, indicating he had been fired by IBP. IBP protested Silva's claim for benefits and a telephone fact finding hearing was held on January 13, 1994. Silva represented himself, and IBP was represented by personnel clerk Sarah Humphrey.

The fact finding worksheet prepared by the claims deputy included the following employer's statement and rebuttal:

* Senior judge from the fifth judicial district serving on this court by order of the Iowa Supreme

Benjamin Silva refused to do job and was fired.

The claimant's portion of the worksheet provides:

I worked on janitor's job while janitor was on vacation. The chemical fumes caused me to get sick and have very bad headaches. I told supervisor and he said to take pain pill. Dan Tool fired me however he was not my immediate supervisor. Woman in personnel told me I did not have to do job if it caused me to get sick.

The fact finding worksheet also indicates Silva received a copy of the company's rules and had not received any prior oral or written warnings.

The claims deputy found Silva had violated a known company rule. Silva's claim was accordingly denied because he was disqualified from receiving benefits for misconduct.

Silva appealed the fact finder's decision to an administrative law judge (ALJ). The notice of appeal and notice of hearing before the ALJ referred to Iowa Code section 96.5(2)(a) as the statute or rule pertinent to Silva's claim. The notice also noted the matter asserted was "Whether the claimant was discharged for misconduct." No other rule, statute, or issue was included in the notice.

At this hearing IBP's representative Sarah Humphrey testified Silva was not discharged but had in fact quit for no apparent reason. Humphrey denied telling the claims deputy Silva was fired. She also stated that she had not personally spoken with Silva and that her assertion that Silva quit his job was based on her discussions with other company officials. IBP's only documentation of Silva's departure was an exit interview form in which Silva claimed he was discharged.

Silva's testimony included essentially the same version of events he related to the claims deputy. He denied quitting his job and stated he interpreted a supervisor's instructions to clear out his locker to mean he was fired.

Court.

The record also indicates Silva's representative at this hearing informed the ALJ that the notice of hearing made no reference to the voluntary quit issue IBP raised at the hearing. Silva's request for a continuance to prepare a response to this issue was summarily denied.

The ALJ's findings of fact indicate Silva's version of events was rejected because the ALJ found "the claimant not credible." Silva's failure to obtain medical advice concerning his claimed headaches, his failure to ask why he was fired, and the ALJ's impression that Silva understood more English than he claimed were cited as reasons for discounting Silva's credibility. The findings of fact also refer to IBP's investigatory conclusions that none of Silva's supervisors "could remember indicating in any way to the claimant that he was being fired."

The ALJ's reasoning and conclusions of law expressly noted the claimant did not attempt to produce any other witnesses to substantiate his claim he had been fired and his account "simply is not believable." The ALJ described Silva's reason for leaving in the following terms:

It occurs to the administrative law judge that it might have been because he was refusing to do a job which the employer had every reason to believe he should have done, and that it might have been indicated to him that his choices were to either do that job or leave.

The ALJ concluded Silva chose to voluntarily leave his employment and that he was not discharged. The fact finder's decision was modified to conform to the ALJ's determinations, and Silva's claim for benefits was accordingly denied because he voluntarily quit his employment.

Silva's appeal to the Employment Appeal Board was also unsuccessful. The Board modified the ALJ's decision by including a reference to Silva's failure to notify IBP of his reason for quitting thereby denying IBP an opportunity to take corrective action.

Silva petitioned for judicial review challenging the Board's final decision. After a hearing, the district court affirmed the Board's decision finding that although the record did not indicate misconduct on Silva's part, there was substantial evidence supporting the ALJ's finding that Silva voluntarily quit his employment. Although Silva further claimed that the Board's procedure had violated his due process rights, the district court found no such violation. Silva appeals.

On appeal, Silva contends that substantial evidence supports neither the finding that he engaged in misconduct nor that he voluntarily terminated his employment. He further maintains that the ALJ erred by basing his findings of fact on hearsay evidence. Finally, Silva asserts that he was denied due process because he was not given fair notice of the applicable issues prior to his hearing before the ALJ. Because we find Silva's due process claim dispositive, we limit our discussion to that issue.

Silva brings his action pursuant to the judicial review provision of the Iowa Administrative Procedure Act, Iowa Code section 17A.19 (1993). The scope of review in cases arising out of the Iowa Administrative Procedure Act is ordinarily limited to correction of errors of law. *Foods, Inc. v. Iowa Civil Rights Comm'n,* 318 N.W.2d 162, 165 (Iowa 1982). When, however, an appellant raises constitutional issues we make an independent evaluation based on the totality of the circumstances. *Iowa–Illinois Gas & Elec. Co. v. Iowa State Commerce Comm'n,* 412 N.W.2d 600, 604 (Iowa 1987). This is the equivalent of de novo review. *Consumer Advocate v. Commerce Comm'n,* 465 N.W.2d 280, 281 (Iowa 1991). As a result, we review Silva's due process claim de novo.

Central to Silva's due process claim is his contention that he was not afforded a fair hearing. He claims the notice he received prior to this hearing was inadequate because it referenced only Iowa Code section 96.5(2)(a) ("Discharge for misconduct") when, in fact, the ALJ heard evidence concerning and based his decision on Iowa Code section 96.5(1) ("Voluntary quitting").

The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Hedges v. Iowa Dep't of Job Servs.,* 368 N.W.2d 862, 867 (Iowa App.1985). The cen-

tral elements of due process are notice and an opportunity to defend. *Carr v. Iowa Employment Security Comm'n,* 256 N.W.2d 211, 214 (Iowa 1977).

These principles underlie the notice requirements applicable to contested case proceedings. *Id.* Iowa Code section 17A.12 provides all parties to a contested case shall be afforded an opportunity for hearing after reasonable notice in writing. The notice shall include a reference to the particular sections of statutes and rules implicated and a short and plain statement of the matters asserted. Iowa Code § 17A.12(2)(c) and (d). Reference to the notice issued in this case reveals it is plainly deficient in its exclusion of any reference to the statute applicable to voluntary quitting. The notice also fails to include this issue in the statement of the matters asserted on appeal.

The Board nevertheless contends these omissions do not render the notice insufficient. The Board argues the provision of Iowa Administrative Code section 345–6.14(4) (1992) allowing for voluntary quits and discharges to be construed as a single issue of separation from employment provides adequate notice that the matters at issue included both misconduct and voluntary quitting. Section 345–6.14(4) provides:

> If during the course of a hearing, it appears to the administrative law judge that a section of the Iowa Code not set forth in the notice of hearing may affect the administrative law judge's decision, the administrative law judge shall so notify the parties and announce willingness to continue taking testimony on the underlying factual matters if the parties agree to waive on record further notice and make no objection to continuing. If any party objects, the administrative law judge shall postpone the hearing and cause new notices of hearing, containing all relevant issues and law sections to be sent to the parties. *Notwithstanding, voluntary quits and discharges generally shall be construed to constitute the single issue of separation from employment so that evidence of either or both types of separation may be received in a single hearing.*

(Emphasis added.) We are unable to reconcile the Board's argument with the express provision of section 17A.12(2)(c) and (d) and fundamental notions of procedural due process. The fact that the rule permits two issues to be construed as one does not fairly alert a party to a contested case that one or the other issue is a matter asserted on appeal. This is particularly true in this instance where all reasonable indications were that both the employer and the fact finder were relying on a theory of discharge for misconduct from the initiation of the claims process.

The Board also cites *Freeland v. Employment Appeal Bd.,* 492 N.W.2d 193 (Iowa 1992), as additional authority supporting its position. In *Freeland* the supreme court affirmed the Board's denial of benefits based on employee misconduct. *Freeland,* 492 N.W.2d at 196. The court rejected a similar due process claim citing 345–6.14(4) and the relevant notice's description of the matter at issue "as whether the claimant was compelled to resign by the employer." *Id.* at 195. The Board asserts *Freeland* dictates that we find Silva received adequate notice because this case also involves multiple issues relating to discharge.

We find this case is distinguishable from *Freeland* in several respects. The notice in *Freeland* expressly listed Iowa Code section 96.5(1) and section 96.5(2)(a) as the statutes at issue. The ALJ's introductory remarks at the *Freeland* hearing included reference to both theories as issues in that case. Moreover, the claimant in *Freeland* did not interject a timely objection or a request to continue the hearing to prepare a response. In Silva's case, the notice does not refer to all of the relevant statutes, nor does the statement of the matter at issue leave any room for interpretation as it did in *Freeland.* This case also includes a timely assertion of Silva's objection and request for a continuance. We, contrary to the Board's assertion, do not believe *Freeland* excuses compliance with the literal requirements of 17A.12(2)(c) and (d) in the absence of circumstances indicating Silva had actual or constructive notice of the matter at issue and applicable statutes or rules.

█ Our determination that the notice of hearing in this case was both statutorily and

constitutionally deficient does not end our inquiry. Iowa Code section 17A.19(8) provides in part:

8. The court may affirm the agency action or remand to the agency for further proceedings. The court shall reverse, modify, or grant any other appropriate relief from the agency action, equitable or legal and including declaratory relief, if substantial rights of the petitioner have been prejudiced because the agency action is:

a. In violation of constitutional or statutory provisions.

The substantial rights language of Iowa Code section 17A.19(8) "is a direction to the court that an agency's action should not be tampered with unless the complaining party has in fact been harmed." *City of Des Moines v. Public Employment, Etc.*, 275 N.W.2d 753, 759 (Iowa 1979). This provision is analogous to the harmless error rule applied in other contexts. *Id.*

The ALJ noted Silva's failure "to produce any other witnesses to substantiate his claim he was fired." It is not unreasonable to infer from this statement that the result of the hearing may have been different if Silva had called witnesses on his behalf. Silva did not present additional evidence on this issue because he was not fairly notified that voluntarily quitting was an issue.

We hold that Silva's substantial rights to due process have been prejudiced because he did not receive adequate notice of the scope of the issues to be considered at his administrative hearing and he was not afforded a meaningful opportunity to present his evidence on the issues raised. He is therefore entitled to relief from the actions of the Employment Appeal Board.

The decision of the Employment Appeal Board is vacated, and this case is remanded for further administrative proceedings consistent with this opinion.

**VACATED AND REMANDED.**