**STATE of Iowa ex rel. Jimmy Lee HOUK, Appellee,**

v.

**Patty Jo GREWING, Appellant.**

No. 97–0937.

Court of Appeals of Iowa.

Sept. 30, 1998.

---

R.T. Starken of Alexander & Starken, Ottumwa, for appellant.

Thomas J. Miller, Attorney General, and M. Court Elise Pippin, Assistant Attorney General, for appellee.

Considered by SACKETT, P.J., and HUITINK and VOGEL, JJ.

HUITINK, Judge.

### I.   Background Facts and Proceedings.

This case originated as an Iowa Code chapter 252C proceeding to collect child support from Patty Jo Grewing. The Iowa Child Support Recovery Unit (CSRU) issued a 252C.3 "Notice of Support Debt" stating their intent to secure an order for child support from Grewing. Grewing was personally served with this notice in Kansas. After Grewing failed to respond to this notice, CSRU issued an administrative order establishing the amount of Grewing's obligations. This order was submitted and summarily approved by the district court as required by section 252C.6(2).

Grewing moved to set this order aside alleging the court's support order was void because the notice of support debt was not served in Iowa. She also denied sufficient minimum contacts with Iowa existed to con-

fer the personal jurisdiction requisite to a valid Iowa judgment against her for child support.

The district court summarily overruled Grewing's motion citing her failure to appear on the date set for a hearing on its merits. Grewing filed a motion for rehearing citing counsel's scheduling conflicts as cause for her failure to appear. She also filed a motion to enlarge and expand the district court's summary ruling on her motion to set aside. In this motion, Grewing made the additional allegation that service of process as provided by Iowa Rule of Civil Procedure 56.2 is not authorized for administrative support orders obtained under chapter 252C. The district court denied Grewing's motions citing "her failure to show any grounds for failure to appear on any of the two previous times set for hearing" and her failure to appear on the date set for hearing on these motions.

Grewing then filed an amended motion to enlarge and amend. This motion contained the added claim that Iowa Code section 252B.12[1] did not apply to actions for administrative support orders under chapter 252C. The district court denied this motion citing the grounds set forth in previous rulings.

On appeal, Grewing renews her claim that the district court's support order is void. She argues CSRU failed to show she had the requisite minimum contacts with Iowa necessary to implicate the district court's personal jurisdiction over her. Grewing also argues the manner of service and content of the notice of support debt were not sufficient to confer personal jurisdiction. Grewing additionally claims Iowa's Uniform Support of Dependents Law, Iowa Code chapter 252A, is the exclusive statutory means for collection of child support from nonresidents.

## II. Standard of Review.

██ We review this equity action de novo. Iowa R.App. 4. We examine the entire record

and adjudicate anew those issues properly raised and preserved for appellate review in the district court. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981).

## III. Exclusivity of Chapter 252A.

██ Iowa Code section 252A.8 provides

... this chapter shall be construed to furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter.

Grewing's exclusivity claim is irreconcilable with this express statutory provision. We affirm on this issue.

## IV. Personal Jurisdiction.

██ We initially distinguish Grewing's motion to set aside the support order on jurisdictional grounds from a motion to set aside a default judgment. Lack of jurisdiction is not a ground for setting aside a default judgment under Iowa Rule of Civil Procedure 236. *Life v. Best Refrigerated Exp., Inc.*, 443 N.W.2d 334, 337 (Iowa App.1989). We also note that a direct attack on a judgment based on jurisdictional grounds does not fall within the time constraints of rule 236. *Rosenberg v. Jackson*, 247 N.W.2d 216, 218 (Iowa 1976). An objection to personal jurisdiction may however be deemed waived unless raised at the first opportunity in due or reasonable time. *In re Marriage of Ivins*, 308 N.W.2d 75, 77 (Iowa 1981).

██ When the court's personal jurisdiction is attacked, the party claiming jurisdiction has the burden to sustain it. Upon a showing of prima facie support, the party denying jurisdiction has the burden to rebut or overcome it. *Larsen v. Scholl*, 296 N.W.2d 785, 787 (Iowa 1980).

---

**1.** Iowa Code Section 252B.12 (1997) provides:

Iowa Courts are authorized to exercise jurisdiction over a nonresident to establish a child support obligation upon service of original notice in accordance with the Iowa Rules of Civil Procedure if:

(1) Any circumstance in which a nonresident has the necessary minimum contacts with this

state for exercise of jurisdiction, consistent with the constitutions of this state and the United States, or

. . .

(4) The nonresident has resided with the affected child in this state.

Our analysis is essentially two-fold. We consider if any statute or rule authorizes jurisdiction and whether such jurisdiction offends relevant due process principles. *Id.* Iowa Rule of Civil Procedure 56.2, authorizing alternate methods of service on parties with the necessary minimum contacts with Iowa, "expands Iowa's jurisdictional reach to the widest due process parameters of the federal constitution". *Meyers v. Kallestead*, 476 N.W.2d 65, 67 (Iowa 1991). In determining whether a party's contacts with Iowa are sufficient to confer jurisdiction, we consider five factors:

(1) The quantity of contacts;

(2) The nature and quality of contacts;

(3) The source and connection of the cause of action with those contacts;

(4) Interest of the forum state;

(5) Convenience of the parties.

*Id.*

The State's minimum contacts claim is based on Grewing's Iowa residence at the time her child was born and her receipt of public assistance from Iowa on the child's behalf. The gist of Grewing's argument is that Iowa is not a convenient forum for a Kansas resident to litigate child support issues.

CRSU's jurisdictional claims find abundant support in the record. Section 252B.12 expressly confers jurisdiction based on Grewing's residence in Iowa. Additionally, the birth of Grewing's child and her receipt of benefits for the child while in Iowa bear a direct and substantial connection with CRSU's effort to collect child support. Moreover, Iowa has a substantial interest in recovering past and future support from Grewing. We, like the district court, find Grewing had sufficient minimum contacts with the State of Iowa to subject her to the jurisdiction of Iowa's courts.

## V. Sufficiency of Notice and Service of Process.

Iowa Code chapter 252C is a statutory response to federal law mandating adoption of an expedited administrative process for the recovery of child support from responsible parents. *State ex. rel. Allee v.*

*Gocha*, 555 N.W.2d 683, 685 (Iowa 1996). Parties to a 252C proceeding, like all other administrative proceedings, are entitled to at least fundamental elements of due process of law. *Carr v. Iowa Employment Security Com'n*, 256 N.W.2d 211, 214 (Iowa 1977). These elements include notice and an opportunity to be heard. *Id.*

The contents of a 252C.3 notice of support debt are specified in sections 252C.3(1)(a)-(c). These include, among other items, the names of the relevant parties, the issuing agency, the right to judicial hearing, the time in which a response is required to avoid default, the procedure for obtaining a court order for support and resulting enforcement consequences. *Id.* Our review of the record indicates the notice of support debt issued in this case satisfies all of the statutory requirements. We reject the notion that the constitutional sufficiency of a 252C.3 notice of support debt is determined by its literal compliance with Iowa Rule of Civil Procedure 49(a) specifying the content of an original notice in a civil action. Even if we were to hold otherwise, the content of the notice issued in this case sufficiently complied with Rule 49(a). *See Burg v. Bryant*, 264 N.W.2d 750, 751 (Iowa 1978)(courts no longer require strict compliance with rule 49(a)). We hold the notice of support debt issued in this case was sufficient to confer personal jurisdiction over Grewing and the resulting judgment is valid.

We also reject Grewing's claim that the notice was not properly served. Iowa Code section 252C.3(1) specifically provides for service of the notice in accordance with the rules of civil procedure. Personal service of the notice on Grewing by a Kansas county sheriff was accomplished in accordance with Iowa Rule of Civil Procedure 56.2.

We have carefully considered all of Grewing's arguments and find them to be without merit. The judgment of the district court is affirmed.

**AFFIRMED.**