# IN THE COURT OF APPEALS OF IOWA

No. 18-1146
Filed November 7, 2018

**IN THE INTEREST OF I.M., S.G., K.G. and K.G.,**
**Minor Children,**

**M.Y., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Calhoun County, Joseph B. McCarville, District Associate Judge.

Following the entry of a dispositional order, a mother appeals prior juvenile court orders adjudicating her children to be children in need of assistance and temporarily removing the children from her care. **AFFIRMED.**

Mark J. Rasmussen of Rasmussen Law Office, Jefferson, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Martha A. Sibbel of Law Office of Martha Sibbel P.L.C., Carroll, guardian ad litem for minor children.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Following the entry of a dispositional order, a mother appeals prior juvenile court orders adjudicating her children to be children in need of assistance (CINA) and temporarily removing the children from her care. She claims she was denied due process in relation to the adjudication hearing, challenges the sufficiency of the evidence for adjudication under Iowa Code section 232.2(6)(c)(2) (2018), and argues the court erred in temporarily removing the children after adjudication. Our review is de novo. *See In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017).

As to the due process claim, the CINA petition was filed on January 15, 2018. The next day, the court ordered an adjudication hearing to be held on February 16. The mother did not appear for the hearing. At the subsequent temporary removal hearing, the mother conceded she received notice of the adjudication hearing but asserted she spoke with a woman with the county on the phone and the mother "think[s] she said there was no court date." We agree with the State that the mother failed to preserve error on her due process claim, as the issue was not raised in or ruled upon by the juvenile court. *See In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal."). In any event, "[t]he central elements of due process are notice and an opportunity to defend." *Silva v. Emp't Appeal Bd.*, 547 N.W.2d 232, 234–35 (Iowa Ct. App. 1996). These elements were satisfied here, and the mother's testimony that she thinks someone told her there was no hearing does not negate notice, in our view. Furthermore, the juvenile court noted in its adjudication order that it was

of the belief that the mother and her husband left the area with the children in an attempt to avoid the CINA proceedings.

As to the statutory grounds for the CINA adjudication, we find the evidence relied upon by the juvenile court as described in its adjudication order[1] amounts to clear and convincing evidence that the children suffered or were imminently likely to suffer harmful effects as a result of the failure of the mother and her husband to exercise a reasonable degree of care in supervising the children. *See* Iowa Code § 232.2(6)(c)(2); *see also In re J.S.*, 846 N.W.2d 36, 41–42 (Iowa 2014) (discussing the breadth of the term "harmful effects"). We affirm on this issue without further opinion pursuant to Iowa Court Rule 21.26(1)(b).

We are left with the temporary removal of the children after adjudication. We agree with the State that this issue was rendered moot by the entry of a subsequent dispositional order confirming removal. *See In re A.M.H.*, 516 N.W.2d 867, 871 (Iowa 1994). Furthermore, the mother agreed to continued removal at the dispositional hearing. To the extent she challenges the confirmation of removal in the dispositional order, the mother cannot be heard on appeal to complain about a ruling she agreed was appropriate. *See, e.g.*, *Jasper v. State*, 477 N.W.2d 852, 856 (Iowa 1991) (noting a litigant "cannot deliberately act so as to invite error and then object because the court has accepted the invitation"); *Odegard v. Gregerson*, 12 N.W.2d 559, 562 (Iowa 1944) (same).

We affirm.

**AFFIRMED.**

---

[1] The record on appeal does not include a transcript of the adjudication hearing. We therefore rely upon the juvenile court's description of the evidence presented.