Creed BRYANT, Appellant,

v.

JERICOL MINING, INC.; Old Republic Insurance Company; Joe Bryant; Frances Jones Mills, Kentucky State Treasurer and Custodian of the Uninsured Employers' Fund; and Workers' Compensation Board, Appellees.

No. 87–CA–1385–MR.

Court of Appeals of Kentucky.

July 1, 1988.

Discretionary Review Denied by Supreme Court Oct. 19, 1988.

John C. Carter, Smith & Carter, Harlan, for appellant.

Gayle G. Huff, Rice, Huff & Hendrickson, Harlan, John L. Pendley, Asst. Atty. Gen., Frankfort, Joe Bryant, St. Charles, for appellees.

Before HAYES, McDONALD and REYNOLDS, JJ.

McDONALD, Judge:

Creed Bryant, an employee of his twin brother, Joe Bryant, was injured on November 27, 1979, at a mining job site on property owned and operated by Jericol Mining, Inc., in Harlan County, Kentucky. The work activity involved the cutting and removing of scrap metal from a mining site. Creed Bryant worked for his brother, Joe Bryant, at the job site seven to eight weeks before his injury.

Admittedly, as an employer Joe Bryant had no workers' compensation insurance coverage. Jericol Mining, Inc., was operating under the terms and conditions of the Kentucky Workers' Compensation Act; however, Jericol and its compensation carrier, Old Republic Insurance Company, were dismissed by the board and the dismissal was affirmed by the circuit court. We also affirm that aspect of the case.

At all times concerned, Creed Bryant was a resident of the state of Virginia, as was his employer, Joe Bryant. Creed lived all his life in Virginia except for one year. He was hired for this particular job by his brother in Virginia, and although the scrap metal was cut and removed in Kentucky, it was hauled to and sold in Virginia. Creed worked all of his working life in and around the mines and much of the time in Kentucky. He has a first-grade education and was 42 years old at the time of the accident. All medical treatment administered to Creed for his rather severe injuries was in Virginia and Tennessee.

The evidence established that Joe Bryant was an independent contractor hired by Jericol Mining. Joe Bryant had Creed and two other employees working for him and he did not withhold any form of taxes from Creed's paycheck. In essence, the only facts which involve Kentucky are that the employment was ongoing in Kentucky and the injury was sustained within Kentucky. Creed filed for workers' compensation against Joe Bryant and Jericol, and then subsequently brought in the Uninsured Employers' Fund. The board, in its opinion and order of February 4, 1985, dismissed Creed's claim, and the circuit court, by order of May 22, 1987, affirmed the board.

The essential question on appeal is whether a nonresident employee of a nonresident, uninsured employer is covered by Kentucky's Workers' Compensation Act when the employee sustains an injury by virtue of the employment in Kentucky and, more specifically, whether such nonresident is entitled to benefits from our uninsured employers' fund.

The board, in its opinion and order, gave no reasoning for its conclusions and simply cited KRS 342.630(1), KRS 342.670, and the case authority of *Director, Office of Workers' Compensation v. National Van Lines*, 613 F.2d 972 (D.C.Cir.1979), cert. denied 448 U.S. 907, 100 S.Ct. 3049, 65 L.Ed.2d 1136 (1980).

Therefore, we will analyze the law relied upon by the board and then by the circuit court.

KRS 342.630(1), applicable in part, states:

Coverage of employers.—The following shall constitute employers mandatorily subject to, and required to comply with, the provisions of this chapter:

(1) Any person [except persons in agriculture] that has in this state one or more employes subject to this chapter.

A plain reading of the statute shows that the only exception applies to agricultural employers. The legislature did not exempt from coverage out-of-state employers, insured or uninsured. We must then say that employer Joe Bryant is a covered

employer within the meaning of the Act. For us to judicially exempt him from coverage would obviously be contrary to the plain and ordinary reading of the statute, considering the legislature had specifically carved out one exemption for agricultural employers.

Next, the board cited KRS 342.670, Extraterritorial coverage. Clearly, within this provision, Subsections 1 and 2 do not apply because they address the circumstance where the injury was sustained out of the state, the reverse of our fact situation. Subsection 3 of the statute does not apply, although it concerns an injury sustained in the state and an employer domiciled in another state, because it is procedural in nature and deals with adjustments of payments when made. In conclusion, we see no rational application of KRS 342.670 to the fact pattern herein.

Lastly, the board, without any discussion, cited the *National Van Lines* case, *supra*. There, a Washington, D.C., resident/worker was injured in New York, and the court said that the worker could claim under the Washington, D.C., compensation statute. The Court pointed out that it was not which forum had the greater interest but rather "whether the proposed forum's interest is legitimate and substantial in itself."

█ The board and the circuit court have endeavored to treat this case as being controlled by conflicts of law and choice of forums between Kentucky and Virginia, with Virginia having the greater contacts. However, we are not concerned whether Virginia has more contacts in the case than Kentucky; it is a question of whether the contacts which Kentucky has are sufficient to trigger application of the Kentucky Act. KRS 342.640, Coverage of employes, states in part:

(1) Every person, including a minor, whether lawfully or unlawfully employed, in the service of an employer under any contract of hire or apprenticeship, express or implied, and all helpers and assistants of employes whether paid by the employer or employe, if employed with the knowledge, actual or constructive, of the employer.

. . . . .

(4) Every person performing service in the course of the trade, business, profession or occupation of an employer at the time of the injury.

Again, as clearly as we concluded the employer, Joe Bryant, was covered, we must also conclude that the employee, Creed Bryant, is covered under the Act. There is not even a hint of a statutory provision or prior case authority to exempt Creed Bryant from the provisions of the Workers' Compensation Act; therefore, it is not our judicial duty to create an exemption.

KRS 446.080 requires us to give a liberal construction to statutes so as to promote their object and carry out the intent of the legislature. We feel this conclusion satisfies the statute. Creed Bryant is covered because he was injured in Kentucky and, because his employer was uninsured, Creed is entitled to compensation under the Act through the Uninsured Employers' Fund, notwithstanding the fact he and his employer are nonresidents and have never in any way contributed to the fund. The fund essentially steps into the shoes of the employer and there is nothing in our statutes that hints that it only pertains to resident, uninsured employers.

It is our opinion that the circuit court's order affirming the board, thereby dismissing Jericol Mining, Inc., and Old Republic Insurance Company is affirmed. It is our further opinion that the circuit court's order affirming the board's dismissal of Creed Bryant's claim be reversed, and the circuit court is directed to enter an order reversing the opinion and order of the board, further directing the board to enter an order sustaining Creed Bryant's claim and to proceed with his compensation.

All concur.