Duane Francis KIESECKER,
Jr., Appellant,

v.

WEBSTER CITY CUSTOM MEATS,
INC., and Liberty Mutual Insurance
Company, Appellees.

No. 93–1010.

Supreme Court of Iowa.

Feb. 22, 1995.

Rehearing Denied March 29, 1995.

Mark S. Soldat, Algona, for appellant.

Tito Trevino and Janece M. Valentine of Trevino & Leehey, Fort Dodge, for appellees.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

LARSON, Justice.

Duane Francis Kiesecker, Jr. has appealed from an award of workers' compensation benefits, penalties, and interest, claiming they were inadequate. He also complains that the district court erred in assessing him half of the costs of the agency appeal and subsequent judicial review. We affirm on all issues.

The parties stipulated most of the facts underlying the claim. On November 27, 1987, Kiesecker suffered a work-related cumulative trauma to both knees, causing a condition called bilateral chondromalacia. According to the medical evidence, he had aggravated a preexisting congenital predisposition through the strain of his job at Webster City Custom Meats.

Dr. Robert Gitchell of Ames examined Kiesecker, and his written report (which was the only medical evidence) was presented at the hearing. Dr. Gitchell used the American Medical Association's *Guides to the Evaluation of Permanent Impairment* in determining that Kiesecker had suffered an eight percent permanent partial disability.

The commissioner agreed that Kiesecker had suffered an eight percent disability and ordered benefits to be paid accordingly. The commissioner also found that the employer and insurer acted unreasonably in failing to pay permanent partial disability for ninety days after the last letter of clarification by the treating doctor and awarded Kiesecker penalty benefits under Iowa Code section 86.13 (1989).

Kiesecker filed a petition for judicial review. The district court affirmed in part, reversed in part and remanded the case. Kiesecker appealed, and the court of appeals affirmed in all respects. We granted further review.

 Our review of the commissioner's findings of fact are closely circumscribed. Under Iowa Code section 17A.19(8)(f) (1993), we will reverse only if the decision is unsupported by substantial evidence when the record is viewed as a whole. *See Cobb v. Employment Appeal Bd.*, 506 N.W.2d 445, 447 (Iowa 1993). Evidence is substantial if reasonable minds would accept it as adequate to reach the same finding. *Id.* The question is not whether evidence might support a different finding, but whether the evidence supports the findings actually made. *Freeland v. Employment Appeal Bd.*, 492 N.W.2d 193, 197 (Iowa 1992).

## I. The Award of Benefits.

 The commissioner found that Kiesecker's injuries were scheduled injuries under Iowa Code section 85.34(2)(s) (1989) (500 weeks for loss of both legs). Kiesecker does not dispute this. Applying eight percent times 500 weeks, the commissioner awarded forty weeks of permanent partial disability. *See* Iowa Code § 85.34(2)(u). Kiesecker disputes this part of the award, arguing it is contrary to evidence that he suffered impairment greater than eight percent. According to Kiesecker's witnesses, he constantly rubbed his knees, could not sleep on a sofa, could not carry heavy objects without stopping and resting, and could not go fishing.

■ Findings of the commissioner have the effect of a jury verdict, and

[t]he commissioner, not the court, weighs the evidence. The court should broadly and liberally apply those findings in order to uphold rather than defeat the commissioner's decision.

*Ward v. Iowa Dep't of Transp.*, 304 N.W.2d 236, 237 (Iowa 1981) (citing *Holmes v. Bruce Motor Freight, Inc.*, 215 N.W.2d 296, 298 (Iowa 1974)).

The deputy stated that, "from his demeanor while testifying, claimant is found credible. Similarly, all other witnesses testifying were likewise found credible, including witnesses offered by the defense."

Kiesecker argues that it is inconsistent for the deputy to find Kiesecker's witnesses credible, yet appear to give their testimony no weight. He says his dispute is not with the commissioner's fact-findings on disability (an area in which we yield to the agency), but in his failure to even consider Kiesecker's lay testimony. This, he claims, was an error of law and therefore not a matter for deference toward the agency.

The commissioner was not required to accept Kiesecker's lay evidence at face value, especially in view of contrary evidence that Kiesecker worked in several strenuous jobs after his injury. In fact, at the time of the hearing, he was employed as a brick tender, carrying bricks and cement blocks on scaffolding. It was not inconsistent for the commissioner to find Kiesecker's lay witnesses credible but give their testimony less weight than that of the doctor. This was a proper exercise of his authority to weigh the evidence, and we affirm on this issue.

## II. *The Penalty Issue.*

■ The commissioner concluded that the defendants' ninety-day delay in payment of benefits was unreasonable and awarded Kiesecker $500 additional benefits.

Kiesecker complains that the deputy should have granted him additional penalty benefits under Iowa Code section 86.13:

If a delay in commencement or termination of benefits occurs without a reasonable or probable cause or excuse, the industrial commissioner shall award benefits in addition to those benefits payable under this chapter, or chapter 85, 85A, or 85B, up to fifty percent of the amount of benefits that were unreasonably delayed or denied.

While the commissioner found the delay in payment of benefits became unreasonable at some point during the ninety days following receipt of the medical report, he did not specify the exact point in time when the delay became unreasonable. Kiesecker argues that we must assume that the delay became unreasonable, for penalty purposes, immediately at the time the report was furnished.

We held in *Covia v. Robinson*, 507 N.W.2d 411, 416 (Iowa 1993), that benefits may be delayed, without penalty, during such time as the employer's liability is "fairly debatable." It is an unreasonable application of the penalty provision to assume that any delay after the furnishing of the medical evidence is unreasonable. Even after receipt of the medical report, issues regarding percentage of disability may still be fairly debatable.

We agree with the commissioner's interpretation and application of the penalty provision of section 86.13 and affirm on that issue as well.

## III. *The Interest Issue.*

■ Iowa Code section 85.30 provides for interest in this language:

Compensation payments shall be made each week beginning on the eleventh day after the injury, and each week thereafter during the period for which compensation is payable, and if not paid when due, there shall be added to the weekly compensation payments, interest at the rate provided in section 535.3 for court judgment and decrees.

Kiesecker argues that the commissioner erred in failing to determine when each weekly payment became due. He suggests that the due date should be the first day of each compensation week. He asks that a determination be made as to the timeliness of each weekly payment and that interest be added to any payments not received on the first day of each week.

The commissioner declined to rule on these interest issues because the "[c]laimant's arguments as to the calculation of interest ... are convoluted and unduly technical." The commissioner directed the parties to calculate, on their own, any interest on weekly

benefits not paid on time. He warned that further intervention by the commissioner on the interest issue might require the employment of a certified public accountant at the expense of one or both of the parties.

The district court affirmed this ruling. It also ruled, we believe correctly, that payments are "made" when they are mailed to the claimant, not when they are received. We affirm the rulings of the commissioner and the district court respecting the payment of interest under section 85.30.

We have considered other arguments made by Kiesecker, and we find no reversible error in any of them. We affirm on all issues, including the assessment of costs.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**